AAS:MW/ICR
F.# 2016R00010

2016 DEC 20 PM 3:04

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

MOHAMED RAFIK NAJI,

Defendant.

I N D I C T M E N T

Cr. No. 16 - 653
(T. 18, U.S.C., §§ 981(a)(1)(C),
981(a)(1)(G), 2339B(a)(1), 2339B(d), 2 and
3551 et seq.; T. 21, U.S.C., § 853(p); T. 28,
U.S.C., § 2461(c))

**BLOCK, J.**

- - - - - - - - - - - - X

THE GRAND JURY CHARGES:

**SCANLON, M.J.**

<u>ATTEMPT TO PROVIDE MATERIAL SUPPORT
TO A FOREIGN TERRORIST ORGANIZATION</u>

1. On or about and between March 16, 2015 and September 12, 2015, both dates being approximate and inclusive, within the Eastern District of New York and the extraterritorial jurisdiction of the United States, the defendant MOHAMED RAFIK NAJI, together with others, did knowingly and intentionally attempt to provide material support and resources, as defined in Title 18, United States Code, Section 2339A(b), including personnel, including himself, to a foreign terrorist organization, to wit: the Islamic State of Iraq and the Levant ("ISIL"), which at all relevant times has been designated by the Secretary of State as a foreign terrorist organization, knowing that the organization was a designated terrorist organization and the organization had engaged in and was engaging in terrorist activity and terrorism, and the defendant was an alien lawfully admitted for permanent residence in the United States (as defined in section 101(a)(20) of the Immigration and Nationality Act), and

after the conduct required for this offense occurred, the defendant was found in the United States, the offense occurred in part within the United States, and the offense occurred in and affected interstate and foreign commerce.

(Title 18, United States Code, Sections 2339B(a)(1), 2339B(d), 2 and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION

2. The United States hereby gives notice to the defendant MOHAMED RAFIK NAJI that, upon his conviction of the above-charged offense, the government will seek forfeiture in accordance with (a) Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require the forfeiture of any property, real or personal, constituting or derived from proceeds traceable to such offense, and (b) Title 18, United States Code, Section 981(a)(1)(G) and Title 28, United States Code, Section 2461(c), which require the forfeiture of all assets, foreign or domestic: (i) of any individual, entity, or organization engaged in planning or perpetrating any Federal crime of terrorism (as defined in Title 18, United States Code, Section 2332b(g)(5)) against the United States, citizens or residents of the United States, or their property, and all assets, foreign or domestic, affording any person a source of influence over any such entity or organization; (ii) acquired or maintained by any person with the intent and for the purpose of supporting, planning, conducting, or concealing any Federal crime of terrorism (as defined in Title 18, United States Code, Section 2332b(g)(5)) against the United States, citizens or residents of the United States, or their property; (iii) derived from, involved in, or used or intended to be used to commit any Federal crime of terrorism (as defined in Title 18, United States Code,

3

Section 2332b(g)(5)) against the United States, citizens or residents of the United States, or their property; or (iv) of any individual, entity or organization engaged in planning or perpetrating any act of international terrorism (as defined in Title 18, United States Code, Section 2331) against any international organization (as defined in Title 18, United States Code, Section 4309(b)) or against any foreign Government.

        3.      If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    (a)    cannot be located upon the exercise of due diligence;

    (b)    has been transferred or sold to, or deposited with, a third party;

    (c)    has been placed beyond the jurisdiction of the court;

    (d)    has been substantially diminished in value; or

    (e)    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p),

to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 981(a)(1)(C) and 981(a)(1)(G); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

A TRUE BILL

_____
FOREPERSON

_____
ROBERT L. CAPERS
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

BY: _____
ACTING UNITED STATES ATTORNEY,
PURSUANT TO 28 C.F.R. O.136

F. #2016R00010
FORM DBD-34
JUN. 85

No.

# UNITED STATES DISTRICT COURT

EASTERN District of NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

vs.

MOHAMED RAFIK NAJI,

Defendant.

# INDICTMENT

(T. 18, U.S.C., §§ 981(a)(1)(C), 981(a)(1)(G), 2339B(a)(1), 2339B(d), 2 and 3551 et seq.; T. 21, U.S.C., § 853(p); T. 28, U.S.C., § 2461(c))

A true bill.

_____
Foreperson

Filed in open court this _____ day,

of _____ A.D. 20 ____

_____
Clerk

Bail, $ _____

*Melody Wells and Ian C. Richardson,*
*Assistant U.S. Attorneys (718) 254-7000*